UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGELITA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-22-CV-671-FB (HJB) |
| | § | |
| FAMILY DOLLAR STORES OF TEXAS, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Amended Motion for Summary Judgment (Docket Entry 101), filed by Defendant Family Dollar Stores of Texas, LLC ("Family Dollar"). Pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). (Docket Entry 38.) The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). (*See* Docket Entries 1 and 4-5.) For the reasons below, I recommend that Defendant's motion (Docket Entry 101) be **GRANTED**.

I.    **Background.**

This case arises from Plaintiff's fall at a Family Dollar store on August 26, 2020. (Docket Entry 92, at 1.) Plaintiff contends that she tripped on plastic pallet wrapping left on the floor by Family Dollar's employees. (*Id.*) As a result of her fall, Plaintiff contends that she had to replace both of her knees, at a cost of $250,000. (*Id.* at 3.)

Plaintiff filed suit on May 23, 2022, in the 456th District Court, in Guadalupe County, Texas. (Docket Entry 1-2, at 2.) Family Dollar removed the case to this Court on June 27, 2022.

(Docket Entry 1.)  Plaintiff has since amended her complaint three times.  (Docket Entries 23, 31, and 92.)  In her live, Third Amended Complaint, Plaintiff asserts a single premises liability claim[1] against Family Dollar.  (Docket Entry 92, at 2–3; *see* Docket Entry 104, at 1, 5–6.)  Family Dollar has moved for summary judgment on that claim.  (Docket Entry 101.)

## II.    Summary Judgment Standard.

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses."  *Hayes v. Locke Supply Co.*, 724 F. Supp. 3d 609, 612 (E.D. Tex. 2024) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).  Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A disputed fact is material when it "might affect the outcome of the suit under the governing law."  *Allen v. U.S. Postal Serv.*, 63 F.4th 292, 300 (5th Cir. 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Allen*, 63 F.4th at 300 (quoting *Anderson*, 477 U.S. at 248).  The genuineness of a dispute is viewed "through the prism of the substantive evidentiary burden, . . . . bear[ing] in mind the actual quantum and quality of proof necessary to support liability."  *Anderson*, 477 U.S. at 254.

---

[1] "[A] person injured on another's property may have *either* a negligence claim *or* a premises-liability claim against the property owner."  *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (emphasis added). If the injury "is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply." *Id.* But if it "is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* Plaintiff here pleads that she fell as a result of a dangerous condition on Family Dollar's property—to wit, plastic pallet wrapping left on the floor—and not any contemporaneous negligent activity. (Docket Entry 92, at 1–2.) Thus, Plaintiff's claim is one for premises liability—not ordinary negligence. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196–97 (5th Cir. 2014) ("[A plaintiff] cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury.").

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying the record evidence which it believes demonstrates the absence of a genuine issue of material fact." *Martin v. Petty*, 699 F. Supp. 3d 547, 555 (S.D. Tex. 2023) (Rosenthal, J.) (quoting *Celotex*, 477 U.S. at 323) (citation modified). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 512 (5th Cir. 2014). When the nonmovant bears the burden of proof at trial, the movant "may merely point to the absence of evidence and thereby shift to the nonmovant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial." *Martin*, 699 F. Supp. 3d at 555 (quoting *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022)) (citation modified).

If the movant meets its burden, "the nonmovant must come forward with specific facts showing a genuine factual issue for trial." *Martin*, 699 F. Supp. 3d at 555 (quoting *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021)) (citation modified). The nonmovant "must identify specific evidence in the record and articulate the precise manner in which the evidence aids their case." *Martin*, 699 F. Supp. 3d at 555 (quoting *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021)) (citation modified). "A nonmovant cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Martin*, 699 F. Supp. 3d at 555 (quoting *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021)) (citation modified).

The Court need only consider the parties' cited materials. FED. R. CIV. P. 56(c)(3). "[I]t is not the trial court's obligation to sift through the record in search of evidence to support a party's claims; instead, it is the party's burden to identify specific evidence in the record, and to articulate the precise manner in which that evidence support[s] its claim." *Diamond Servs. Corp. v. RLB*

*Contracting, Inc.*, 113 F.4th 430, 443 (5th Cir. 2024) (citation modified); *see Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988) (holding that deposition "was never made part of the competent summary judgment record" because nonmovant "failed to designate, or in any way refer to, the deposition as the source of [its] factual support").

When considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Instead, "facts that are subject to genuine dispute are viewed in the light most favorable to [the nonmovant]," *Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 749–50 (5th Cir. 2023), and the Court "construe[s] all reasonable inferences in [the nonmovant's] favor," *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021). However, "[w]hen there is video evidence in the summary judgment record, courts are not bound to accept the nonmovant's version of the facts if it is contradicted by the video." *Crane v. City of Arlington, Tex.*, 50 F.4th 453, 461 (5th Cir. 2022).

## III.    Discussion.

"For a premises liability defendant to be liable for a plaintiff's injury, . . . a plaintiff must prove: (1) that the defendant had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to the plaintiff; (3) that the defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) that the defendant's failure to use such care proximately caused the plaintiff's personal injuries." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). Family Dollar's motion focuses entirely on the first element, arguing that "there is no genuine issue of material fact regarding whether . . . [it] had actual or constructive notice of the plastic wrapping upon which Plaintiff allegedly tripped and fell." (Docket Entry 101, at 6–7.)

Actual knowledge may be shown by "[p]roof that that the premises owner . . . created [the] condition." *Reyes v. Dollar Tree Stores, Inc.*, 221 F. Supp. 3d 817, 833 (W.D. Tex. 2016) (quoting *Keetch v. Kroger Co.*, 845 S.W.2d 262, 266 (Tex. 1992)) (internal marks omitted). Actual knowledge can also be shown by evidence that that premises owner had received reports of the condition before the incident. *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008). By contrast, constructive knowledge "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). This is a function of "the combination of proximity, conspicuity, and longevity." *Id.* That is, the Court considers "the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place." *Robbins v. Sam's E., Inc.*, No. 21-20050, 2021 WL 3713543, at *2 (5th Cir. Aug. 20, 2021). Thus, to survive summary judgment on the element of actual or constructive knowledge, Plaintiff must produce enough evidence that a reasonable jury could find that Family Dollar "(1) put the [plastic wrap] on the floor; or (2) knew that it was on the floor and negligently failed to remove it; or (3) that the [plastic wrap] was on the floor so long that it should have been discovered and removed in the exercise of ordinary care." *Keetch*, 845 S.W.2d at 265.

Family Dollar points to several pieces of evidence to show that it did not create the hazard at issue—*i.e.*, the plastic pallet wrapping on the ground. First, it points to Plaintiff's deposition, wherein she testified that she tripped on "a wrapper on [a] pallet." (Docket Entry 101, at 9 (quoting Docket Entry 101-3, at 24–25).) Second, Family Dollar points to an interrogatory response, in which Plaintiff affirmed that it was not a Family Dollar employee, but a Coca-Cola vendor who "delivered [the] pallet." (Docket Entry 101, at 9 (quoting Docket Entry 101-5, at 4).) Third, Family Dollar points to Coca-Cola's own admission that the individual who delivered the pallets

was a Coca-Cola employee.  (Docket Entry 101, at 9 (citing Docket Entry 101-7, at 8–10; Docket Entry 101-8, at 5–6).)  Finally, Family Dollar relies on video footage from the store, demonstrating that Plaintiff fell roughly three minutes after Coca-Cola began delivering pallets.  (Docket Entry 101, at 10 (citing Docket Entry 101-6).)[2]

The evidence cited above demonstrates that Family Dollar did not create the hazard presented by of the Coca-Cola pallets, thereby eliminating one basis upon which a jury might find that it had actual knowledge.  Plaintiff also has not come forward with any evidence that Family Dollar received reports or complaints about the plastic pallet wrapping, thereby eliminating the other basis upon which a jury might find that it had actual knowledge of the hazard presented by those pallets.  (*See generally* Docket Entry 104.)  Nor can Plaintiff survive summary judgment by showing that Family Dollar had constructive knowledge of the Coca-Cola pallet hazard because it had been present "long enough to give" Family Dollar "a reasonable opportunity to discover it." *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002).  The video footage demonstrates that Plaintiff fell while walking past the Coca-Cola pallets less than a minute after the second pallet was dropped off.  (Docket Entry 101, at 10.)

Plaintiff does not dispute that the Coca-Cola pallets were present for less than a minute before she tripped.  (Docket Entry 104, at 9–10.)  Instead, she argues that the hazard which tripped

---

[2] Family Dollar's video evidence is not properly before the Court, as it was produced via a defunct hyperlink. Remarkably, the disappearance of this evidence appears to have been by design: the hyperlink is accompanied by a warning that the link would no longer be viable after 14 days. (Docket Entry 101-6.) Such designed obsolescence is inappropriate for summary judgment evidence. If a party wishes to rely on hyperlinked evidence, it must ensure that such evidence remains available for the Court's review.

Unlike Family Dollar's purported video evidence, Plaintiff has presented the same video using a durable hyperlink: https://app.box.com/s/6yn549zgn8ww3zlu71g57vmj5b6et8d2. This Report and Recommendation therefore cites to Plaintiff's video evidence, using the Windows Media Player time-counter to provide specific times on the video.

her was other plastic pallet wrapping, wholly unrelated to the recently-delivered Coca-Cola pallets. (*Id.* at 11–13.)  This argument is flatly contradicted by video footage which Plaintiff herself has produced as evidence.  In the video, the Coca-Cola vendor enters the frame at the 1:40 mark to drop off the first pallet.  Before that time, there is nothing visible on the floor except what is perhaps a black sticker in the middle of the aisle located farther away from the camera than the pallet.  At the 2:33 mark of the video, a man enters the frame and walks directly across the location where Plaintiff will eventually fall before exiting the frame.  At 2:40, the Coca-Cola vendor re-enters the frame with the second pallet and unloads it directly beside the first one.  At 2:48, after the vendor removed the dolly from under the second pallet, a narrow shadow becomes visible on the floor, extending from the second pallet into the aisle a few feet, nearly touching the black mark in the middle of the aisle noted above.  At 3:12, as soon as the vendor has exited the frame, Plaintiff visibly enters the frame.  At 3:25, she steps past the black sticker and directly onto the shadowy strip with her left foot, pausing to examine the items on a shelf behind the second pallet.  At 3:29, she resumes walking only to immediately fall to the floor when she is visibly unable to complete her stepping motion with her left foot.

From the video evidence Plaintiff has presented, a reasonable jury could only conclude that she tripped as a result of some material hanging off the second pallet and extending into the aisle. Plaintiff's deposition testimony confirms this.  When asked to describe what tripped her, she testified that "[i]t was a wrapper *on the pallet*," not loose pallet wrapping left behind, say, from a previous delivery.  (Docket Entry 101-3, at 24 (emphasis added).)  And by "wrapper," Plaintiff clarified that she meant a "big, big heavy tape that you wrap around your pallets."  (*Id.* at 25.)  She explained that her shoe got stuck to that wrapping, such that when she fell to the floor, her shoe remained behind—tangled up in the wrapping.  (*Id.* 25, 29–30.)  Indeed, the video evidence, at

4:35, appears to depict Plaintiff reaching down to remove her shoe from the wrapping attached to the second pallet. Thus, regardless of what Plaintiff may have *pleaded* in her most recent complaint, the summary judgment evidence indisputably confirms that she was tripped by wrapping attached to the second pallet.

Based on the video evidence, it was Coca-Cola which introduced the allegedly hazardous condition onto Family Dollar's property which led to Plaintiff's fall. The Coca-Cola vendor's dolly was fully removed from the area at 3:10, leaving Family Dollar with roughly 20 seconds to discover the hazard that was created. That is simply too little time to impute constructive knowledge of the hazard to Family Dollar. *See Shirey v. Wal-Mart Stores Tex., LLC*, 699 F. App'x 427, 429 (5th Cir. 2017) ("[T]he seventeen minutes during which the inconspicuous grape was on the floor did not afford Wal-Mart a reasonable time to discover and remove the hazard."); *Robbins*, 2021 WL 3713543, at *2 (holding that if a hazard's presence for 17 minutes is not enough to impute constructive knowledge to premises owner then, *a fortiori*, neither is 10 minutes) (citing *Shirey*, 699 F. App'x at 429).[3] Accordingly, Plaintiff cannot genuinely dispute that Family Dollar lacked notice—actual or constructive—of the dangerous condition prior to her injury. Because Plaintiff cannot prove this essential element of her premises liability claim, *see United Scaffolding*, 537 S.W.3d at 471, Family Dollar is entitled to summary judgment.

---

[3] The video evidence demonstrates that Plaintiff was the only one in close proximity to the hazard between the moment of its creation and her fall. And the fact that Plaintiff walked right up to it, stepped directly onto it, and then proceeded without realizing it was stuck to her foot suggests that it was not particularly conspicuous. The lack of conspicuity and proximity would serve to increase the amount of time that would be necessary to reasonably impute constructive knowledge to Family Dollar. *See Spates*, 186 S.W.3d at 567–68; *Reece*, 81 S.W.3d at 816. But these factors are not particularly material in this case, when the hazard was present for only approximately 20 seconds.

**IV.    Conclusion and Recommendation.**

Based on the foregoing, I recommend that Family Dollar's Amended Motion for Summary Judgment (Docket Entry 101) be **GRANTED**, and this case be **DISMISSED**.

**V.    Notice of Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking

on appeal the unobjected-to, proposed findings and conclusions accepted by the district court.

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

      **SIGNED** on August 5, 2025.

                                    Henry J. Bemporad
                                    United States Magistrate Judge